UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD B. SLATON #187684,

                Plaintiff,

vs.                            Case No.  2:03-cv-333-FtM-29SPC

SECRETARY, DEPARTMENT OF
CORRECTIONS, WARREN W. CORNELL,
Warden, COLONEL HOWDESHELL, D.T.
MCCARTER, Lieutenant, and C.
SISTRUNK, Sergeant,

                Defendants.

_____

**ORDER**

This matter comes before the Court upon periodic review of the file. As of the date of this Order, service of process has been effectuated only upon Defendant Howdeshell. See Doc. #21. Defendant Howdeshell has filed a Motion to Dismiss Plaintiff's Complaint (Doc. #27). Service has not been effectuated upon the remaining Defendants: the Secretary of the Department of Corrections, Cornell, McCarter and Sistrunk. See Docs. ## 22-25.

While an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987)[1]; See also 28 U.S.C.

_____

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the
(continued...)

§1915(d).   The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint, and the plaintiff. This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m).

Plaintiff's Complaint was filed on July 2, 2003 (Doc. #1). The Court provided Plaintiff with the necessary service forms and instructions to complete service on all defendants (Doc. #19) and ordered the U.S. Marshal to personally serve all Defendants at the addresses provided by Plaintiff (Doc. #20).   The Plaintiff was advised by the U.S. Marshal that return of service was unable to be executed on the aforementioned Defendants on February 13, 2006. See Doc. ##22-25.   On February 15, 2006 the Court again provided Plaintiff with new service forms and directed Plaintiff to return the new forms within thirty (30) days  (Doc. #26).  Plaintiff was further advised that his failure to respond to the Order would result in a dismissal of this action against these Defendants without further notice.   Plaintiff has failed to respond to the

---

[1](...continued)
former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Court's February 15, 2006 Order or request an enlargement of time to provide the Court with corrected service forms.

Even though a plaintiff is appearing *pro se,* "[a] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. 2006)(quoting Fowler v. Jones, 899 F.2d at 1095 (citing Rochon v. Dawson, 828 F.2d at 1110)). Consequently, the Court will dismiss Plaintiff's Complaint without prejudice pursuant to Fed.R.Civ.P. 4(m) as to these unserved Defendants.

ACCORDINGLY, it is hereby

**ORDERED**:

1.    Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to Fed.R.Civ.P. 4(m) as to Defendants: the Secretary of the Department of Corrections, Cornell, McCarter and Sistrunk.

2.    The **Clerk of Court** shall correct the caption of this action to reflect these Defendants' dismissal.

3.    **Plaintiff** shall file a response to Defendant Howdeshell's Motion to Dismiss **within 20 days** of the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of April, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:    hmk
Copies: All Parties of Record