UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD B. SLATON,

        Plaintiff,

vs.                            Case No. 2:03-cv-333-FtM-29SPC

COLONEL HOWDESHELL,

        Defendant.
_____

**ORDER**

    This matter comes before the Court upon Defendant Howdeshell's Motion to Dismiss (Doc. #27), filed on April 10, 2006. The Court twice directed Plaintiff to file a response to Defendant's dispositive motion. (See Docs. #19 and #28). As of the date of this Order, Plaintiff has not filed a response to Defendant's Motion and the time for doing so has long expired. Thus, Defendant Howdeshell's Motion to Dismiss is ripe for review.

    Plaintiff, an inmate incarcerated within the Florida penal system, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against five defendants including, the Secretary of the Department of Corrections, and Defendants Cornell, Howdeshell, McCarter, and Sistrunk. Complaint, p. 1. The Court previously dismissed the Secretary of the Department of Corrections, and Defendants Cornell, McCarter, and Sistrunk due to Plaintiff's failure to properly execute service pursuant to Fed. R. Civ. P. 4(m). (See Order dated April 17, 2006 Doc. #28). Thus, only

Defendant Howdeshell remains as a defendant in this action. Defendant Howdeshell seeks dismissal of Plaintiff's Complaint on the grounds that the Complaint fails to state a claim upon which relief can be granted. Def's Motion p. 1.  Defendant points out that Plaintiff's sole allegation against Defendant Howdeshell is that he did not respond to Plaintiff's grievance, which does not give rise to a constitutionally protected right under 42. U.S.C. § 1983. Id. at 1-2.  Defendant refers this Court to cases from other jurisdictions that support the argument that Plaintiff does not have a § 1983 claim because prisoners do not have a constitutional right to the jail grievance procedures. Id. at 2-3.

Plaintiff's Complaint involves an incident that occurred on May 6, 2003 while Plaintiff was incarcerated at Charlotte Correctional Institute. Complaint p. 9. Plaintiff states that Defendant McCarter warned Plaintiff's cellmate, Terry, that he would be sprayed with chemical agents if Terry did not stop his disruptive behavior. Id. Plaintiff states that his cellmate Terry continued his disruptive behavior, so Defendant McCarter returned with Defendant Sistrunk and stated that cellmate Terry got Plaintiff "sprayed on the house." Id.  Thereafter, Defendant Sistrunk sprayed chemical agents into the cell directly onto Plaintiff, who was left uncovered. Id.  Plaintiff's cellmate was covered by sheets and blankets. Id.  Defendant McCarter then told Plaintiff that "you [Plaintiff] should kick you cellmate's ass." Id. at 9(a). Plaintiff states that he filed a "formal grievance of

sensitive nature" to the Department of Corrections, which was denied. Id.  Additionally, Plaintiff states that he filed an informal grievance about the incident to Defendant Howdeshell, but Defendant Howdeshell never responded. Id. at 9(b).  Plaintiff attaches a copy of the grievance to his Complaint, but Plaintiff does not include a copy of the informal grievance allegedly sent to Defendant Howdeshell.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by*, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), *reh'g and suggestion for reh'g en banc denied*, 98 F.3d 1355 (11th Cir. 1996)*;* Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

Tittle v. Jefferson County Commn., 10 F.3d 1535, 1541 (11th Cir. 1994).

The Court agrees that the Complaint fails to satisfy the initial § 1983 inquiry, specifically the second prong of inquiry. The Eleventh Circuit has held that "[w]e [the Eleventh Circuit] agree with other circuits that have decided that a prisoner does

not have a constitutionally-protected liberty interest in an inmate grievance procedure." Dunn v. Martin, No. 04-03566, slip op. at 2 (11th Cir. April 21, 2006); accord Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating that the Constitution creates no entitlement to voluntarily established grievance procedure), cert. denied, 514 U.S. 1022 (1995); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)(same). "' The simple fact that state law prescribed certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.'" Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Vruno v. Schwarzwalder, 600 F.2d 124, 130-131 (8th Cir. 1979)(quoting Slotnick v. Staviskey, 560 F.2d 31, 34 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978))). Thus, Plaintiff has not stated a claim under § 1983 because Defendant Howdeshell did not violate a constitutional right when he allegedly failed to respond to the grievance submitted by Plaintiff.

Moreover, to the extent that Plaintiff predicates liability upon Defendant Howdeshell due to the liability of Defendants Cornell, McCarter, and Sistrunk, Defendant Howdeshell cannot be held liable for the actions of his subordinates.

> Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the alledely violative conduct brought to light by the grievance, even if the grievance is denied. Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999), cert. denied, 529 U.S. 1115, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); Weaver v. Toombs,

>       756 F.Supp. 335, 337 (W.D. Mich. 1989), aff'd,
>       915 F.2d 1574 (6th Cir. 1990); see also Bellamy
>       v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).
>       Knowledge imputed to the supervisor must be so
>       pervasive that the refusal to prevent harm rises
>       to the level of a custom or policy of depriving
>       inmates of their constitutional rights. Tittle v.
>       Jefferson County Com'n, 10 F.3d 1535, 1542 (11th
>       Cir. 1994).

Plaintiff does not allege a custom, practice, or policy violation. For these reasons, Defendant Howdeshell's Motion to Dismiss is granted.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Howdeshell's Motion to Dismiss (Doc. #27) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to Defendant Howdeshell.

2. The **Clerk of the Court** shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any outstanding motions; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __6th__ day of July, 2006.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record